# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STUDENTS AND PARENTS FOR PRIVACY, a voluntary unincorporated association; C.A., a minor, by and through her parent and guardian, N.A.; A.M, a minor, by and through her parents and guardians, S.M. and R.M.; N.G., a minor, by and through her parent and guardian, R.G.; A.V., a minor, by and through her parents and guardians, T.V. and A.T.V.; and B.W., a minor, by and through his parents and guardians, D.W. and V.W., <br><br>    Plaintiffs, <br><br>v. <br><br>UNITED STATES DEPARTMENT OF EDUCATION; JOHN B. KING, JR., in his official capacity as United States Secretary of Education; UNITED STATES DEPARTMENT OF JUSTICE; LORETTA E. LYNCH, in her official capacity as United States Attorney General; and SCHOOL DIRECTORS OF TOWNSHIP HIGH SCHOOL DISTRICT 211, COUNTY OF COOK AND STATE OF ILLINOIS, <br><br>    Defendants. | No. 1:16 CV 4945 <br><br> The Hon. Jorge L. Alonso, *District Judge* |

## MOTION TO INTERVENE AS DEFENDANTS OF STUDENTS A, B, AND C, BY AND THROUGH THEIR PARENTS AND LEGAL GUARDIANS, AND OF THE ILLINOIS SAFE SCHOOLS ALLIANCE

Students A, B, and C, by and through their parents and legal guardians Parents A, B, and C, and the Illinois Safe Schools Alliance (together, "Movants") move to intervene as defendants as of right pursuant to Fed. R. Civ. P. 24(a)(2) or, alternatively, for permissive intervention under Rule 24(b)(1).[1] Federal Defendants oppose the motion to intervene as of right and take no

---

[1] The individual intervenors are minors and seek to proceed pseudonymously. If the Court grants Movants leave to intervene, Movants will file a motion to proceed pseudonymously setting out the basis for this request.

position on permissive intervention; the District Defendants take no position at this time; and Plaintiffs oppose this motion.

1. Movants are Students A, B, and C and the Illinois Safe Schools Alliance ("Alliance"). The facts below are supported by the declarations of parents and guardians of each student Movant and of Owen Daniel-McCarter as representative of the Alliance. *See* Exhs. 1-4 (exhibit references herein are to the exhibits attached to the Memorandum of Law filed in support of this Motion).[2]

2. Students A, B, and C are transgender students who attend or will in the near future attend high school in Township High School District 211 ("the District"). Student A is a girl who attends William Fremd High School ("Fremd") in the District. The Complaint is largely based on Student A's interactions with the District, culminating in the District's agreement with the Department of Education's ("ED") Office of Civil Rights ("OCR") to permit Student A to change clothes in the girls' locker room at Fremd. As the accompanying memorandum of law describes, Student A's hard-won struggle to use the girls' restrooms and locker rooms at school places her at the very center of this dispute. *See* Exh. 1.

3. Student B is a seventh-grade boy who will begin ninth grade at Fremd next year. He wishes to begin using the boys' locker room at school once he begins hormone therapy. Upon his arrival at Fremd, Student B expects to be able to use the boys' restrooms and locker rooms consistent with the requirements of Title IX and the District's resolution agreement with OCR, which Plaintiffs challenge here. A contrary outcome would foreclose Student B's ability to proceed through everyday life at school in a manner consistent with his gender identity and cause him great emotional distress. *See* Exh. 2.

---

[2] This motion satisfies Movants' responsibilities under Rule 24(c) because no pleading from any Defendant asserting a claim or defense is currently due. Movants will file such a pleading at the appropriate time if they are granted leave to intervene.

4. Student C is an eighth-grade boy who will attend a District high school in the 2016-2017 academic year. He wishes to use the boys' restrooms and locker rooms there consistent with his male gender identity. Student C would feel extreme distress and discomfort if he were denied access to the boys' facilities at school, which would separate him from the other boys and send him the message that he is different and should be ashamed of who he is. *See* Exh. 3.

5. The Illinois Safe Schools Alliance (the "Alliance") promotes safety, support, and healthy development for lesbian, gay, bisexual, transgender, and questioning (LGBTQ) youth in Illinois schools through advocacy, education, youth organizing, and research. In his capacity as the Policy and Advocacy Director of the Alliance, Owen Daniel-McCarter has worked with school districts in Illinois to draft transgender inclusion policies for school staff and administration. He has also conducted training for school staff and administration called "Transgender 101," which introduces transgender terminology, an overview of best practices for accommodating the legal rights of transgender students, and other types of training. In addition, the Alliance advocates for gender inclusivity in schools, LGBT-affirming curriculum, bullying prevention, and restorative school discipline practices to prevent student push-out from school. Alliance staff assisted Student A in her efforts to use gender-appropriate facilities in the District, and engaged in training on the issue in the District. *See* Exh. 4.

6. Movants seek to intervene as of right under Federal Rule of Civil Procedure 24(a), or, alternatively, for permissive intervention under Federal Rule of Civil Procedure 24(b).

7. Movants satisfy all the requirements for intervention of right.

    a. The motion to intervene is timely because it is being filed less than a month after Plaintiffs filed their complaint, and before this Court has ruled

(or even set a briefing schedule) on any motions, and because it poses no danger of prejudice to any existing party.

b. Movants' interest in this dispute is significant, as each Movant has interests within the zone protected by Title IX, each of which would be severely impaired if the District's resolution agreement with OCR, its transgender restroom policies, or OCR's interpretation of Title IX were to be held unlawful.

c. The District Defendants do not adequately represent the interests of the Movants. The District has been intransigent in its approach to transgender students' use of locker room facilities. For example, it refused to allow Student A to use the girls' locker rooms at Fremd even after OCR found that this violates Title IX, agreed to do so only after being threatened with loss of federal funding, and refused to recognize that the resolution agreement applies to other transgender students.

d. Federal Defendants also do not adequately represent the interests of Movants, whose interests in this case are acutely personal and differ in degree and kind from the interests of Federal Defendants. For example, ED has taken the position that the resolution agreement applies only to Student A's use of the girls' locker rooms, but Movants believe it applies to all students in the District. Movants also will make legal arguments that are different from those that Federal Defendants are likely to make. For example, based on ED's briefs in other cases, Federal Defendants are unlikely to argue that the prohibitions Plaintiffs seek deny equal protection

on the basis of sex, whereas Movants will make that constitutional argument. Plaintiffs raise other federal and state constitutional and statutory claims based on the right to privacy and to control the upbringing of children as well as the freedom of religion, as to which there is no reason to believe Federal Defendants' views mirror those of Movants, or that Federal Defendants will adequately represent Movants' interests in areas far beyond ED's core expertise.

8. Alternatively, Movants satisfy the standard for permissive intervention under Rule 24(b)(1). Permissive intervention lies in the sound discretion of this Court, which may permit anyone to intervene who has a "defense that shares with the main action a common question of law or fact." Rule 24(b)(1)(B). Here, Movants include the student at the center of this controversy, students who will be in the same position in the near future, and an organization with a mission to promote the interests of transgender students in Illinois. Because their interests are at stake—dismantling the resolution agreement, the District's transgender restroom policy, and ED's guidance would fundamentally change the individual Movants' lives and the Alliance's advocacy work—Movants are uniquely qualified to illuminate the relevant facts and tie them to their legal arguments, which warrants their intervention.

9. Movants have conferred with the parties to determine their positions on this motion to intervene. Federal Defendants oppose Movants' request to intervene of right, and take no position on their request for permissive intervention. District 211 takes no position on the motion to intervene until such time it reviews the motion. Plaintiffs intend to oppose the motion to intervene.

For these reasons and those expressed in the accompanying memorandum of law, Movants respectfully urge this Court to GRANT their motion to intervene and permit their intervention in this case in an expeditious fashion.

Dated:  May 25, 2016

| | |
|---|---|
| John Knight<br>ROGER BALDWIN FOUNDATION OF ACLU, INC.<br>180 North Michigan Avenue<br>Suite 2300<br>Chicago, IL  60601<br>Telephone:  (312) 201-9740 ext. 335<br>Facsimile:  (312) 288-5225<br>jknight@aclu-il.org<br><br>- and –<br><br>Ria Tabacco Mar*<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>125 Broad Street, 18th Floor<br>New York, NY  10004<br>Telephone:  (212) 549-2627<br>Facsimile: (212) 549-2650<br>rmar@aclu.org<br><br>* *application for pro hac vice admission forthcoming* | Respectfully submitted,<br><br>/s/ *Britt M. Miller*<br>Britt M. Miller<br>Timothy S. Bishop<br>Laura R. Hammargren<br>Linda X. Shi<br>MAYER BROWN LLP<br>71 South Wacker Drive<br>Chicago, IL 60606<br>Telephone: (312) 782-0600<br>Facsimile: (312) 701-7711<br>bmiller@mayerbrown.com<br>tbishop@mayerbrown.com<br>lhammargren@mayerbrown.com<br>lshi@mayerbrown.com<br><br>- and –<br><br>Catherine A. Bernard<br>MAYER BROWN LLP<br>1999 K Street, N.W.<br>Washington, DC  20006-1101<br>Telephone:  (202) 263-3000<br>Facsimile:  (202) 263-3300<br>cbernard@mayerbrown.com |

*Counsel for Students A, B, and C and the Illinois Safe Schools Alliance*