IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STUDENTS AND PARENTS FOR PRIVACY, a voluntary unincorporated association; C.A., a minor, by and through her parent and guardian, N.A.; A.M., a minor, by and through her parents and guardians, S.M. and R.M.; N.G., a minor, by and through her parent and guardian, R.G.; A.V., a minor, by and through her parents and guardians, T.V. and A.T.V.; and B.W., a minor, by and through his parents and guardians, D.W. and V.W., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 16 C 4945 |
| v. | ) ) | Judge Jorge L. Alonso |
| UNITED STATES DEPARTMENT OF EDUCATION; JOHN B. KING JR., in his official capacity as United States Secretary of Education; UNITED STATES DEPARTMENT OF JUSTICE; LORETTA E. LYNCH, in her official capacity as United States Attorney General; and SCHOOL DIRECTORS OF TOWNSHIP HIGH SCHOOL DISTRICT 211, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a motion to intervene, brought by the Illinois Safe Schools Alliance and Students A, B, and C, by and through their parents and legal guardians, Parents A, B, and C (the "proposed intervenors"). The motion is granted for the reasons stated below.

This action was filed by Students and Parents for Privacy ("SPP"), which according to the verified complaint is a voluntary unincorporated association of 73 parents and 63 students who are attending or will soon attend schools in Township High School District 211 (the

"District").[1] There are also five individual student plaintiffs, who are minors suing through their parents. Four of the individual plaintiffs currently attend a school in the District and one will be attending a school in the District starting this fall. Plaintiffs are suing the District and four federal defendants: the United States Department of Education ("DOE") and the United States Department of Justice ("DOJ") (collectively, the "Departments"), the United States Secretary of Education, and the United States Attorney General.

Plaintiffs' claims arise out of the DOE's interpretation of the term "sex" as used in Title IX and its enforcement of the statute that flows from this interpretation, as well as an "Agreement to Resolve" (the "Agreement") that the DOE's Office of Civil Rights entered into with the District. The Agreement pertains to the use of the girls' locker room by proposed intervenor Student A, a transgender girl who attends Fremd High School ("Fremd"). In plaintiffs' words, they seek to "stop the [DOE] and [the District] from continuing to trample students' privacy and other constitutional and statutory rights by forcing 14- to 17-year-old girls to use locker rooms and restrooms with biological males"; "set aside DOE's *ultra vires* legislative rule redefining 'sex' in Title IX to include gender identity which, despite originating in a non-binding guidance document and being adopted without following the procedures mandated by the Administrative Procedure Act, is being enforced against schools across the country"; and "enjoin DOE's enforcement of this rule against District 211 to the detriment of Plaintiffs." (ECF No. 1, V. Compl. ¶ 1.) Plaintiffs assert claims for violation of the Administrative Procedure Act (Count I); the right to privacy (Count II); parents' right to direct

---

[1] The District comprises Palatine, Fremd, Conant, Schaumburg, and Hoffman Estates High Schools and two therapeutic special education schools, Academy-North and the Higgins Education Center. *See* Township High School District 211, *History*, http://adc.d211.org/about-us-home/history (last visited June 15, 2016).

the education and upbringing of their children (Count III); Title IX (Count IV); the Illinois and federal Religious Freedom Restoration Acts (Counts V and VI); and the Free Exercise Clause of the First Amendment (Count VII). Counts I and VI are brought against the federal defendants only, Counts IV and V against the District only, and the remainder against all defendants. Plaintiffs seek declaratory and injunctive relief and nominal damages.

The proposed intervenors are Student A; Student B, a seventh-grade transgender boy who will begin attending Fremd in fall 2017; Student C, an eighth-grade transgender boy who will begin attending Hoffman Estates High School this fall; and the Illinois Safe Schools Alliance (the "Alliance"), which describes itself as an entity that "promotes safety, support, and healthy development for lesbian, gay, bisexual, transgender, and questioning (LGBTQ) youth in Illinois schools through advocacy, education, youth organizing, and research." (ECF No. 32, Mem. Supp. Mot. Intervene at 6.) Students A, B, and C and the Alliance seek intervention pursuant to both Federal Rule of Civil Procedure 24(a)(2) (intervention as a matter of right) and 24(b)(1)(B) (permissive intervention). The District does not oppose the motion. (ECF No. 45.) The federal defendants oppose the request for intervention as of right and take no position on the request for permissive intervention. (ECF No. 46.) Plaintiffs oppose the motion. (ECF No. 47.)

Rule 24(a)(2) provides that on timely motion, the court must permit intervention where the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "A party has a right to intervene when: (1) the motion to intervene is timely filed; (2) the proposed intervenors possess an interest related to the subject matter of the action; (3) disposition of the action threatens to impair that interest; and (4) the

3

named parties inadequately represent that interest." *Wis. Educ. Ass'n Council v. Walker*, 705 F.3d 640, 657-58 (7th Cir. 2013) (citing *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007)). The burden is on the party seeking to intervene of right to show that all four criteria are met, and if they are not, the court must deny intervention of right. *Reid L. v. Ill. State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002). "In evaluating the motion to intervene, the district court must accept as true the non-conclusory allegations of the motion . . . ." *Lake Investors Dev. Grp., Inc. v. Egidi Dev. Grp.*, 715 F.2d 1256, 1258 (7th Cir. 1983).

Plaintiffs challenge the second and fourth elements of this analysis, and the federal defendants challenge the fourth. The Court will discuss only the fourth element because it is dispositive as to intervention under Rule 24(a)(2). There does not appear to be any dispute that the District inadequately represents the movants' interests, but the federal defendants are another matter. "A party seeking intervention as of right must only make a showing that the representation 'may be' inadequate and 'the burden of making that showing should be treated as minimal.'"• *Ligas*, 478 F.3d at 774 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). "However, when the representative party is a governmental body charged by law with protecting the interests of the proposed intervenors, the representative is presumed to adequately represent their interests unless there is a showing of gross negligence or bad faith." *Id.* (citing *United States v. S. Bend Cmty. Sch. Corp.*, 692 F.2d 623, 627 (7th Cir. 1982); *United States v. Bd. of Sch. Comm'rs of Indianapolis*, 466 F.2d 573, 575-76 (7th Cir. 1972)). The Departments are charged with effectuating and enforcing the provisions of Title IX and its regulations. 20 U.S.C. §§ 1681-82; 34 C.F.R. § 106.3 (DOE); 28 C.F.R. § 54.110 (DOJ); Exec. Order No. 12,250, 45 Fed. Reg. 72,995 (1980) (providing that the Attorney General shall coordinate executive agencies' implementation and enforcement of Title IX's provisions). The

DOJ is also authorized to, and does, enforce under Title IV the guarantees of the Equal Protection Clause. 42 U.S.C. § 2000c-6; *see, e.g.*, Statement of Interest of the United States, *Tooley v. Van Buren Public Schs.*, No. 2:14-CV-13466-AC-DRG (E.D. Mich.), *available at* https://www.justice.gov/sites/default/files/crt/legacy/2015/02/27/tooleysoi.pdf (last visited June 15, 2016). The movants make no attempt to show gross negligence or bad faith on the federal defendants' part and thus fail to overcome the presumption that the federal defendants adequately represent their interests.

 The Court will, however, permit Students A, B, and C and the Alliance to intervene in this action pursuant to Rule 24(b). "On timely motion," Fed. R. Civ. P. 24(b)(1), "[p]ermissive intervention is within the discretion of the district court where the applicant's claim and the main action share common issues of law or fact and where there is independent jurisdiction." *Ligas*, 478 F.3d at 775 (citing *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995)). The movants easily satisfy this standard. Students A, B, and C assert rights under Title IX and the Equal Protection Clause, and they, along with the Alliance, seek to defend the Agreement and the DOE's interpretation of the term "sex" in Title IX. Plaintiffs, citing *Menominee Indian Tribe of Wisconsin v. Thompson*, 164 F.R.D. 672, 678 (W.D. Wis. 1996) and another district court decision relying on *Menominee Indian Tribe*, contend that "the case for permissive intervention disappears" when a proposed intervenor fails to overcome the presumption of adequate representation by the government. (Pls.' Resp. at 12.) But the court in *Menominee Indian Tribe* did not cite any authority for its conclusion, which effectively creates an additional hurdle for proposed intervenors that does not comport with the Seventh Circuit's approach to permissive intervention. *See, e.g.*, *Schipporeit*, 69 F.3d at 1381 ("Other than [the] two requirements [of a common question of law or fact and independent jurisdiction], . . .

5

intervention under 24(b)(2) is entirely discretionary."); *Solid Waste Agency of N. Cook Cty. v. U.S. Army Corps of Eng'rs*, 101 F.3d 503, 509 (7th Cir. 1996) (rejecting the district court's imposition of an additional requirement for permissive intervention).

Rule 24(b)(3) further provides that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Plaintiffs argue that intervention will "dramatically change the focus of this case" in that movants will "undoubtedly begin submitting reports from psychologists, therapists and doctors for Students A, B, and C, describing the various treatments they receive for gender dysphoria," which will necessitate rebuttal and discovery on issues that are not "germane to this lawsuit." (Pls.' Resp. at 13.) It is difficult to see how such issues are not "germane" to this suit when the complaint is premised in part on the assertion that "'sex' means male and female in the binary and biological sense." (V. Compl. ¶ 291.) In any event, plaintiffs' relevancy argument will be hotly contested. And plaintiffs do not account for the fact that granting the motion to intervene could obviate subsequent lawsuits. *See City of Chi. v. Fed. Emergency Mgmt. Agency*, 660 F.3d 980, 986 (7th Cir. 2011) ("Granting the airlines' motion to intervene could not have produced a net delay when one considers that allowing them into this litigation might head off a second suit."). In view of that consideration, plaintiffs' concern about unwieldy or prolonged proceedings appears overblown. Intervention may make this case more complex, but not *unnecessarily* complex. The Court agrees with the proposed intervenors that their participation would enable the Court to, as the Seventh Circuit put it in *Schipporeit*, "address important issues in this case once, with fairness and finality." *See* 69 F.3d at 1381. Accordingly, the motion of the Illinois Safe Schools Alliance and Students A, B, and C, by and through their parents and

legal guardians Parents A, B, and C, to intervene as defendants [30] is granted pursuant to Federal Rule of Civil Procedure 24(b)(1).

**SO ORDERED.**                          **ENTERED:**    **June 15, 2016**

_____
**JORGE L. ALONSO**
**United States District Judge**