# Exhibit 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **STUDENTS AND PARENTS FOR PRIVACY**, a voluntary unincorporated association; **C.A.**, a minor, by and through her parent and guardian, **N.A.**; **A.M.**, a minor, by and through her parents and guardians, **S.M.** and **R.M.**; **N.G.**, a minor, by and through her parent and guardian, **R.G.**; **A.V.**, a minor, by and through her parents and guardians, **T.V.** and **A.T.V.**; and **B.W.**, a minor, by and through his parents and guardians, **D.W.** and **V.W.**, <br><br>        Plaintiffs, <br><br>        vs. <br><br>**UNITED STATES DEPARTMENT OF EDUCATION**; **JOHN B. KING, JR.**, in his official capacity as United States Secretary of Education; **UNITED STATES DEPARTMENT OF JUSTICE**; **LORETTA E. LYNCH**, in her official capacity as United States Attorney General; and **SCHOOL DIRECTORS OF TOWNSHIP HIGH SCHOOL DISTRICT 211, COUNTY OF COOK AND STATE OF ILLINOIS**. <br><br>        Defendants, <br><br>        and <br><br>**STUDENTS A**, **B**, and **C**, by and through their parents and legal guardians **Parents A**, **B**, and **C**, and the **ILLINOIS SAFE SCHOOLS ALLIANCE**, <br><br>        Intervenor-Defendants. | Case No. 1:16-cv-04945 <br><br> The Honorable Jeffrey T. Gilbert, Magistrate Judge |

**INTERVENOR-DEFENDANTS'
FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFFS
AND PLAINTIFFS' RESPONSES THERETO**

1

Plaintiffs respond to Intervenor-Defendants' First Set of Requests for Admission as follows:

## REQUESTS FOR ADMISSION

**Request No. 1:** Admit that YOU have no factual basis for disputing that STUDENT A is a girl.

**Answer:** Object. Request for Admission No. 1 is argumentative. It requires the adoption of an assumption, that gender identity and biological sex are the same thing, which they are not. Subject to this objection and without waiving it, Plaintiffs deny the statement contained in Request for Admission No. 1.

**Request No. 2:** Admit that YOU have not conducted any medical or psychological assessment or evaluation, or reviewed any medical or psychological records, of STUDENT A.

**Answer:** Object. Plaintiffs understand Request for Admission No. 2 to be interrelated to Request for Admission 1, and thus it is also argumentative. It requires the adoption of an assumption, that gender identity and biological sex are the same thing, which they are not. If Student A's biological sex was in dispute, his medical records would be relevant. But since the undisputed facts demonstrate that Student A is biologically male, there is no need to evaluate Student A's medical records or conduct a medical exam of Student A. Nonetheless, to the extent Intervenor-Defendants dispute that Student A is biologically male, Plaintiffs reserve the right to conduct any and all necessary discovery to prove that he is a biological male, including evaluating Student A's medical records and conducting a medical exam. Further, Student A's psychological records are not relevant to his biological sex, only to his gender identity. Because it is undisputed that Student A perceives himself to be a female, there is also no need at this time to evaluate Student A's psychological records or conduct a psychological exam of Student A.

2

Nonetheless, to the extent Intervenor-Defendants assert that Student A's psychological records are relevant to determining his biological sex or his gender identity beyond his self-perception, Plaintiffs reserve the right to conduct any and all discovery related to his psychological records and conduct psychological exams necessary to respond to Intervenor-Defendants claims. The requests for admission are also premature, as discovery has not commenced in this case and, absent discovery, Plaintiffs have no access to conduct any medical or psychological assessment or evaluation of Student A, or to review any of Student A's medical or psychological records. Subject to these objections and without waiving them, Plaintiffs admit that to date Plaintiffs have not conducted any medical or psychological assessment or evaluation, or reviewed any medical or psychological records, of Student A.

Pursuant to Federal Rule of Civil Procedure 26(e), Plaintiffs reserve the right to supplement the above response as additional information becomes available in the further course of investigation and discovery.

DATED: 7/6/2016

By: /s/ Jeremy D. Tedesco

THOMAS L. BREJCHA, IL 0288446
PETER BREEN, IL 6271981
JOCELYN FLOYD, IL 6303312
**THOMAS MORE SOCIETY**
19 S. La Salle Street, Suite 603
Chicago, IL 60603
(312) 782-1680
(312) 782-1887 Fax
tbrejcha@thomasmoresociety.org
pbreen@thomasmoresociety.org
jfloyd@thomasmoresociety.org

JEREMY D. TEDESCO, AZ 023497*
JOSEPH E. LARUE, AZ 031348*
**ALLIANCE DEFENDING FREEDOM**
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020
(480) 444-0028 Fax
jtedesco@adflegal.org
jlarue@adflegal.org

3

                        J. MATTHEW SHARP, GA 607842*
                        **ALLIANCE DEFENDING FREEDOM**
                        1000 Hurricane Shoals Road NE
                        Suite D-1100
                        Lawrenceville, Georgia 30043
                        (770) 339-0774
                        (770) 339-6744 Fax
                        msharp@adflegal.org

                        *Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

4